F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 04 2019 ★
BROOKLYN OFFICE

RD 12/4/19
J.B.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VALENTINO MOSQUERA,

                Plaintiff,

  - against -

NASSAU HEALTH CARE CORPORATION; NASSAU
COUNTY CORRECTIONAL CENTER;
CORRECTIONAL HEALTH SERVICES; NASSAU
COUNTY CORRECTIONAL SHERIFF
DEPARTMENT; RAYBROOK F.C.I.; DR. DONNA
HENIG; DR. MONTERO; and DR. MICHEL LONG,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-853 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Valentino Mosquera brings this action *pro se*, principally alleging that he received inadequate medical care during his detention at Nassau County Correctional Center. (Compl. (Doc. No. 1).) Because Mosquera was incarcerated when he filed this action, the Court reviews the complaint *sua sponte* pursuant to 28 U.S.C. § 1915A, as well as the *in forma pauperis* statute, 28 U.S.C. § 1915. Mosquera's application to proceed *in forma pauperis* is granted, (IFP Mot. (Doc. No. 8)), but the Court will recover the full filing fee in installments pursuant to 28 U.S.C. § 1915(b). For the reasons set forth below, the action is dismissed without prejudice and with leave to replead.

## BACKGROUND

      The following facts are drawn from the complaint and are assumed true for the purposes of this Order. At the pleadings stage of the proceeding, the Court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)), *aff'd*,

569 U.S. 108 (2013).

Mosquera was injured on January 9, 2019, when he was transported from Raybrook Federal Correctional Institution ("F.C.I.") to the Nassau County Correctional Center by personnel from the Nassau County Sheriff's Department. (Compl. at 4.) Mosquera alleges that the Nassau County Sheriff's Department picked him up from Raybrook F.C.I., though he does not identify any particular individuals. (*Id.*) Mosquera alleges that "the sheriff" was assisting him to exit the transport vehicle because his hands were cuffed and his feet were shackled. (*Id.*) When "the sheriff lost his grip" on Mosquera's arm, Mosquera fell, twisting his ankle. (*Id.*) Mosquera's ankle was black and blue, and swollen. (*Id.*) He informed the medical staff of his injury when he arrived at the Nassau County Correctional Center, and an unnamed individual gave him an icepack and told him that he would be scheduled for X-rays. (*Id.*) That week, Mosquera was required to use stairs for meals. (*Id.*) Mosquera alleges that "after a week of living in excrusiating [*sic*] pain and complaining to the medical staff," he was "walked to medical" where X-rays of his right ankle were performed. (*Id.*) The X-rays revealed that Mosquera's ankle was broken and that the bones had shifted "from being forced to walk on it." (*Id.*) Dr. Henig told Mosquera that surgery was required, and Dr. Montero placed a cast on his ankle as a temporary measure. (*Id.*) However, when Mosquera showered, the cast got wet and he was subsequently transported to Nassau University Hospital to have the cast removed. Dr. Long examined Mosquera and stated that a cast should never have been used. (*Id.*)

Mosquera filed a form civil rights complaint in this Court in February 2019. It is not entirely clear which defendants Mosquera intends to sue. While the caption on the first page of the complaint lists several municipal entities as defendants, it is not clear whether Mosquera intends to name Nassau County Correctional Center *and* Correctional Health Services, or Nassau

County Correctional Center Correctional Health Services. (Compl. at 1.) Moreover, on the second page of the complaint, Mosquera only lists Drs. Henig, Montero, and Long as the defendants; there is no mention of the municipal entities. (*Id.* at 2.)[1]

Mosquera seeks $500,000 in damages for the pain and suffering and medical negligence he experienced "in Nassau County." (*Id.* at 5.) He alleges that he will not be able to work, run, or exercise for up to a year, and that he will require physical therapy. (*Id.*)

## STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted, but mandatory). Similarly, pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, the Court must dismiss a complaint, or any portion thereof, if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous when it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

---

[1] After filing the complaint, Mosquera filed a letter, dated February 20, 2019, stating that he would like to add Nassau University Medical Center as a defendant. (Pl.'s Letter (Doc. No. 5) at 2.) On February 26, 2019, the *pro se* office sent Mosquera a letter providing information on how to file an amended complaint. (Doc. No. 6.) Mosquera has not filed an amended complaint. As set forth below, the Court grants Mosquera leave to file an amended complaint within 30 days of the date of this Order.

3

In reviewing the complaint, the Court is mindful that *pro se* submissions are held to "less stringent standards than formal pleadings drafted by attorneys." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). The Court is required to read the *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012). Still, while courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted) (citations omitted), a complaint must plead enough facts, "accepted as true, to state a claim to relief that is plausible on its face." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

## DISCUSSION

Mosquera's claims are cognizable under 42 U.S.C. § 1983, which provides a cause of action for the deprivation of civil rights by state officials. To sustain a claim under § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* (citation omitted). Further, a plaintiff seeking to recover money damages under § 1983 must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v.*

4

*Burke*, 449 F.3d 470, 484 (2d Cir. 2006). It is well established that a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690–91 (1978); *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *Alwan v. City of New York*, 311 F. Supp. 3d 570, 587 (E.D.N.Y. 2018) ("§ 1983 does not authorize *respondeat-superior* liability . . . ." (citations omitted)).

### I. Municipal Liability

To prevail on a § 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). Local governments may "be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690–91. However, proof of a single incident of unconstitutional activity is insufficient to impose liability on a municipality unless proof of the incident includes evidence that it was caused by an existing, unconstitutional municipal policy that can be attributed to a policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

Here, Nassau County Correctional Center, Correctional Health Services, and Nassau County Sheriff's Department are all municipal entities. Even affording the *pro se* complaint a liberal construction, Mosquera has alleged no facts from which the Court may reasonably construe a municipal policy, custom, or practice. Further, the complaint is devoid of any allegation that municipal officials took any action with final decision-making authority. As Mosquera has not alleged a municipal policy or custom that would confer liability on the

municipal defendants, he has failed to plausibly allege a § 1983 claim against them, and all claims against them must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II. Raybrook F.C.I. and Nassau Health Care Corporation

Additionally, the complaint does not allege any misconduct with respect to two defendants. First, Mosquera has not alleged that Raybrook F.C.I or any of its officials were responsible for his injuries. Not only is the complaint silent as to any alleged misconduct by Raybrook F.C.I., but the complaint states that Mosquera was injured *after* he left that facility. Furthermore, Mosquera names Nassau Health Care Corporation as one of the defendants, yet there are no allegations whatsoever regarding this entity. Accordingly, Mosquera's § 1983 claims against Raybrook and Nassau Health Care Corporation are also dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

## III. Drs. Henig, Montero, and Long

Further, with respect to the individual doctor defendants – Drs. Henig, Montero, and Long – the allegations of inadequate medical care in the complaint do not state a claim under § 1983. Malpractice claims cannot be sustained under § 1983 because they sound in negligence, and mere negligence does not rise to the level of a constitutional violation. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." (emphasis omitted) (internal quotation marks omitted) (citation omitted)); *see also Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (noting that mere negligence in diagnosis or treatment is insufficient to state a valid Eighth Amendment claim, and emphasizing that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Benjamin v. Galeno*, 415 F. Supp. 2d 254, 256 (S.D.N.Y. 2005).

However, a pretrial detainee alleging deliberate indifference to his health or safety may assert a claim under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pinero*, 849 F.3d 17, 29 (2d Cir. 2017).[2] Plaintiffs seeking to establish a due process claim based on deliberate indifference must satisfy both a subjective and an objective element. First, to satisfy the subjective element, the plaintiff must plausibly allege that he suffered a sufficiently serious constitutional deprivation. Under this first prong, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted) (citation omitted). There is no "static test" to decide whether a deprivation is sufficiently serious; rather, the "conditions themselves must be evaluated in light of contemporary standards of decency." *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995) (citations omitted). To satisfy the second prong, which is assessed objectively, the plaintiff must plausibly allege that defendant(s) acted with deliberate indifference. *See Darnell*, 849 F.3d at 29. He must show that defendant(s) "knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Moreover, as previously stated, *respondeat superior* is not a basis for liability under § 1983, and thus the plaintiff must allege the personal involvement of each named defendant in the alleged constitutional deprivation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted) (citation omitted)); *see also Ying Li v. City of New York*, 246 F. Supp. 3d 578, 599 (E.D.N.Y. 2017) ("[T]he mere listing of" defendant officers "as supervisors . . . is

---

[2] Mosquera is advised that the legal standard governing his rights depends on whether or not he was a pretrial detainee during the relevant time period. The Court assumes that Mosquera was a pretrial detainee at the time of the alleged injury. If Mosquera was not a pretrial detainee, a different standard would apply.

insufficient to create an inference of personal involvement absent further allegations, especially because a defendant may not be held liable merely by his connection to the events through links in the chain of command." (brackets omitted) (internal quotation marks omitted) (citations omitted)).

Here, Mosquera does not allege that any of the defendant doctors acted with deliberate indifference. The only allegation related to Dr. Henig is that she told Mosquera that surgery was required. While Mosquera names Dr. Henig in the complaint as the "Director of Health Services for N.C.C.," her status as a supervisor is an insufficient basis to impose liability under § 1983, absent additional facts about her personal involvement in a constitutional violation. As for Dr. Long, the only allegation in the complaint is that he advised Mosquera that Dr. Montero erred in placing a cast on his ankle. Further, the only claim against Dr. Montero in the complaint sounds in negligence or medical malpractice. To the extent Mosquera intends to assert a § 1983 claim against staff members of the Nassau County Correctional Center who delayed in ordering X-rays or failed to properly diagnose his injury, he does not allege the identities of these individuals in the complaint. Accordingly, the inadequacy of the factual allegations against Drs. Henig, Long, and Montero also warrant the dismissal of this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii).

### IV. Leave to Amend

Although the complaint currently fails to state a claim on which relief may be granted, in light of Mosquera's *pro se* status, the Court grants him thirty days from the date of this Order to amend the complaint to the extent Mosquera believes he may state a plausible claim against medical personnel of the Nassau County Correctional Center. *See* Fed R. Civ. P. 15(a); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss

without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated." (alteration in *Davis*) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

If he chooses to file an amended complaint, Mosquera must do so within thirty days of the date of this Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Mosquera is advised that an amended complaint replaces the complaint in its entirety and therefore it must include all of his claims and factual allegations against all of the defendants against whom he wishes to proceed. If Mosquera decides to pursue a claim against individual actor(s) for the violation of his due process rights as a pretrial detainee, he must allege facts suggesting that those individuals were deliberately indifferent to his serious medical needs. He must name as proper defendants those individuals who have some personal involvement in the constitutional violations he alleges in the amended complaint. Even if Mosquera does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, he must describe each individual and the role she or he played in the alleged deprivation of his rights.

## CONCLUSION

As set forth above, all claims are dismissed for failure to state a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). No summonses shall issue against the defendants. In light of Mosquera's *pro se* status, however, he is granted thirty days from the date of this Order to file an amended complaint. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Federal Rule of Civil Procedure 8 and 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff at the address listed on the docket, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
Dec 2, 2019

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge